IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22CR110 |
| | § | Judge Kernodle |
| ELMER AYALA | § | |
| ERIC MARASCIO | § | |
| FRED MCKNIGHT | § | |
| JASON GEIGER | § | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America hereby submits this Sentencing Memorandum addressing the sentencings for defendants Ayala, Marascio, McKnight, and Geiger.

Each of these defendants was charged in an extensive Paycheck Protection Program (PPP) loan fraud conspiracy, in which numerous other individuals obtained multiple fraudulent loans during the COVID-19 pandemic. Aside from the two lead defendants, the government submits that the remaining defendants are largely similar in terms of criminal conduct with respect to this indictment (role in the conspiracy, loss amount, etc.). The distinguishing factors for these secondary defendants, in the government's view, relate to: (1) how quick the defendant was to accept responsibility; (2) assistance and cooperation in the investigation and prosecution of others; and (3) criminal history. To date, the only defendant who has received a sentence of incarceration is Greg Hatley, due in large part to his criminal history. In the table below, the government lays out its view of the appropriate sentence for each of the defendants:

| **Defendant** | **Government Recommendation** | **Reasons** |
|---|---|---|
| Elmer Ayala (PSR recommendation: 12 months) | No more than 6 months | Ayala was indicted in May 2022 and pleaded guilty in January 2025. The case against Ayala was not different than the other secondary players in this case, yet it took significant time for him to accept responsibility. In addition, because of his late plea, he could not and did not provide the type of assistance and cooperation as others in this case. While the government does not believe that this warrants a significant term of incarceration, we do think it sets him apart from many others in this case who accepted responsibility and fully cooperated with the government, hence the recommendation for 6 months. |
| Eric Marascio (PSR recommendation: 41 months) | 41 months | Eric Marascio is uniquely situated among the secondary players in this case. First, unlike most of the others, Marascio has a criminal history which includes charges of money laundering and bond violations. Second, Marascio has a chronicled history of lying to authorities, dating back at least to his time in the military when he lied to his commanding officer. Ironically, Marascio even lied about the circumstances of his military discharge to the probation officer who prepared his PSR. Third, Marascio had a longstanding relationship with Michael Hill, the leader of the conspiracy, which clearly distinguishes him from others who joined in 2020 for the sole purpose of obtaining a fraudulent loan. Significantly, at no point during the investigation or prosecution did Marascio accept responsibility for his conduct or for lying to the FBI during debriefs. He also took this case to trial. He stands apart from the other defendants, and the recommended sentence is appropriate. |

| Defendant | Government Recommendation | Reasons |
|---|---|---|
| Fred McKnight (PSR recommendation: 10 months) | Non-custodial sentence; 5 years' probation | McKnight is similarly situated to other defendants (*e.g.*, Daniel Warren) in this case who received non-custodial sentences, given that he was: (a) relatively quick to accept responsibility (approximately one year between arrest and plea) and (b) offered to assist and cooperate with the government in its prosecution of others. While the government ultimately chose not to use him as a witness in the trial, counsel for McKnight made him available to debrief multiple times. In addition, it is the government's understanding that McKnight has attempted in earnest to pay back portions of the fraudulently obtained loan, further demonstrating his acceptance of responsibility. |
| Jason Geiger (PSR recommendation: 5 months) | Non-custodial sentence; 5 years' probation | From the date of his arrest, Geiger has cooperated with law enforcement, including providing a statement upon arrest and coming in for a debrief a few months after indictment. In addition, this defendant met with the government multiple times leading up to trial and testified truthfully at trial. Considering his assistance, the government submits that he should receive a non-custodial sentence. |

For the reasons set forth above, the government submits that the recommended sentences listed above are sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553.

Respectfully submitted,

ABE McGLOTHIN
ACTING UNITED STATES ATTORNEY

*/s/ Anand Varadarajan*
Anand Varadarajan
Assistant United States Attorney
Texas State Bar No. 24088576
101 East Park Boulevard, Suite 500
Plano, Texas 75074
(972) 509-1201
Email: anand.varadarajan@usdoj.gov

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this filing was served on defense counsel by electronic filing (CM/ECF) on this 24th day of April 2025.

*/s/ Anand Varadarajan*
Anand Varadarajan

4